KRAUSE, Circuit Judge,
concurring in the judgment.
While I join in my colleagues’ decision to affirm, I respectfully cannot agree that the shareholder derivative injury rule, on which the majority and the District Court have relied, is what justifies that outcome. I concur, however, because the complaint, in any event, fails to adequately allege causation.
The derivative injury rule is a doctrine specific to plaintiffs who bring suits in their capacity as shareholders. It derives from the well-settled tenet that “[t]he legal fiction of corporate existence corresponds with the view that an injury to the corporate body is legally distinct from an injury to another person.”[1] Thus, the rule prevents shareholders from recovering individually for an injury to the corporation as a whole,[2] but does not apply when the shareholder alleges “a direct, personal injury — that is independent of any injury to the corporation.”[3]
*123 Here, the complaint filed by Christine Shubert, as Trustee for the bankruptcy estate of Keith Ressler, Kenneth Ressler, and Karen Ressler (collectively the “Res-slers”), alleges that, as a result of the malpractice of Appellees in advising the Resslers to issue stock to James Little, the Resslers were injured in two different ways: (1) the lost value of their investment in RHF; and (2) the $400,000 judgment that was entered against the Resslers in the. Bankruptcy Court for the Middle District of Pennsylvania, pursuant to the Maryland Securities Act (“MSA”).[4] I agree with the majority that the first injury gives- rise to a classic shareholder claim that is barred by the derivative injury rule. Where we part company is that the second injury, in my view, does not.
In the bankruptcy action that led to the $400,000 judgment, Little sued Ressler Hardwoods and Flooring (“RHF”) and the Resslers, alleging that they misrepresented RHF’s financial condition in connection with the offer to sell Little 51% of RHF in exchange for $1.2 million. In addition to entering a $400,000 judgment against RHF for its violation of MSA § 11— 703(a)(1)(h), the bankruptcy court entered judgment against the Resslers under MSA § ll-703(c), which imposes joint and several liability on “every partner, officer, or director” of a liable company who does not affirmatively demonstrate that he or she “did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.”[5] As the Bankruptcy Court found, the Resslers were unable to meet this burden.
The $400,000 judgment entered against the Resslers thus was entirely independent of the Resslers’ status as shareholders and, while joint and several with the company, was levied against the Resslers directly for the Resslers’ own acts and omissions as officers — irrespective of whether they owned a single share of RHF stock. The judgment, in other words, was not an injury flowing through the corporation and affecting all shareholders; it was entered against the Resslers personally for their actions as joint tortfeasors in a securities fraud action. The derivative injury rule, therefore, is simply inapposite.
Even if the derivative injury rule did pertain, however, it would not bar Shu-bert’s claims because they fit squarely into the exception for duties that are owed directly to the shareholder.[6] The majority deems that exception inapplicable on the grounds that “[c]onclusory assertions of supposed duties ... will not survive a Rule 12(b)(6) motion” and “[t]he record makes clear that Appellees’ professional services were retained by RHF.”[7] But there was no opportunity to develop a record on this issue because Shubert’s complaint was dismissed pursuant to Federal Rule 12(b)(6). For that very reason, at the motion to dismiss stage, a court “must accept as true all well-pleaded facts and allegations [from the complaint], and must draw all reasonable inferences therefrom in favor of the plaintiff.”[8]
Here, Shubert’s complaint expressly alleges that the Resslers themselves “en *124 gaged the legal services of Geisenberger and Geisenberger PC” and “engaged the financial services of Musso and Musso PC,” and that “[s]uch engagement resulted in a legally binding and enforceable contract” between the Resslers and Appel-lees.[9] That is sufficient at the pleading stage to allege a direct duty owed to the Resslers, separate from and independent of any duties Appellees may have owed to RHF in connection with a separate or even joint representation of the corporate entity.[10] There is no requirement, as the majority would have it, that the complaint allege that the subject matter of the representation be “independent of RHF’s business or the Resslers’ status as shareholders, officers, and directors of RHF.”[11] Rather, if there was an attorney-client relationship or accountant-client relationship between Appellees and the Resslers, as alleged in the complaint, Appellees’ fiduciary and contractual duties would flow directly to the Resslers as clients, and the Resslers would have standing to bring suit for breach of those duties, regardless of the subject matter of the representation.[12]
Despite my disagreement with the majority’s rationale, however, I agree with its conclusion because the complaint fails to adequately plead causation. The MSA judgment relates to specific misrepresentations and omissions made by RHF and Keith Ressler between March 2007 and July 2007 that induced Little to invest $400,000 in July 2007.[13] Shubert’s complaint, however, claims that Appellees committed malpractice by improperly “de-vis[ing] a plan” and advising the Resslers to issue RHF shares to Little in October 2007 in proportion to the $400,000 that he had by that point invested.[14] In other words, the misdeeds that gave rise to the $400,000 judgment were distinct from and significantly predated the stock issuance scheme that forms the basis for Shubert’s malpractice action. The complaint, by its own terms, therefore fails to adequately plead that Appellees’ alleged malpractice, i.e., their advice concerning that stock issuance scheme, was the cause of the alleged injury, i.e., the $400,000 judgment entered against the Resslers.[15]
*139 For these reasons, I join my colleagues in affirming the judgment of the District Court.

. Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 348 (3d Cir.2001).

. See In re Kaplan, 143 F.3d 807, 811-12 (3d Cir.1998); see also Moffatt Enters., Inc. v. Borden Inc., 807 F.2d 1169, 1177 (3d Cir. 1986) (applying Pennsylvania law and finding that shareholders who alleged they "sustained actual and consequential damages” along with injuries to the corporation, had standing to bring individual claims of, among other things, breach of fiduciary duties).

.Hill v. Ofalt, 85 A.3d 540, 549 (Pa.Super.Ct.2014) (quoting 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013)); see also Kaplan, 143 F.3d at 811-12 ("The derivative injury rule holds that a shareholder (even a shareholder in a closely-held corporation) may not sue for personal injuries that result directly from injuries to the corporation.”) (emphasis added).

. Md.Code Ann., Corps. & Ass’ns § 11-101 et seq.

. Md.Code Ann., Corps. & Ass'ns § 11-703(c)(1).

. See Cole v. Ford Motor Co., 566 F.Supp. 558, 569 (W.D.Pa.1983).

. Majority Op. at 136.

. Bell v. Cheswick Generating Station, 734 F.3d 188, 193 n. 5 (3d Cir.2013).

. App. 17, ¶¶ 20, 23; App. 31, ¶ 117; App. 33 ¶ 130.

. Joint representation of an organization and an individual is permissible in Pennsylvania, where the Rules of Professional Conduct provide that "a lawyer for an organization may also represent a principal officer or ma-' jor shareholder.” Pa. R.P.C. 1.13 n. 9.

. Majority Op. 136.

. See Kroblin Refrigerated Xpress, Inc. v. Pitterich, 805 F.2d 96, 104 (3d Cir.1986) (recognizing that both the course of dealing and the conduct of parties “can evidence a contractual relationship between parties and thus can confer standing on an individual as a direct party to the agreement”); Ofalt, 85 A.3d at 549 (observing that when the issue is a "right belonging severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person’s status as a shareholder, it is an individual action”) (quoting 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013)); Bancroft Life & Cas., ICC, Ltd. v. Lo, 978 F.Supp.2d 500, 508 (W.D.Pa.2013) (recognizing that “Courts around the country have held that a shareholder may bring an individual suit if the defendant has violated an independent duty to the shareholder, whether or not the corporation may also bring an action”).

. App. 202-07; See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir.1999) (“[I]n addition to the allegations in the complaint,” a court considering a motion to dismiss may properly examine "public records, including judicial proceedings” such as "another court’s opinion.”).

. App. 25, ¶ 76.

. See App. 18-19.